# Federal Defenders
## OF NEW YORK, INC.

Southern District
81 Main Street, Suite 300
White Plains, N.Y. 10601
Tel: (914) 428-7124  Fax: (914) 997-6872

David E. Patton
*Executive Director
and Attorney-in-Chief*

Susanne Brody

Via E-mail and ECF

The Honorable Philp M. Halpern
United States District Court Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

> The Government is directed to file a response to defense counsel's July 16, 2021 submission (Doc. 34) by July 29, 2021. The sentencing will be rescheduled after the Court has had an opportunity to review the Government's response and consider the issues raised.
>
> SO ORDERED.
>
> Philm M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         July 22, 2021

Re:    **United States v. Queotis Campbell**
       **20 CR 651**

Dear Honorable Halpern:

I am writing to respond to the Government's July 12, 2021 argument that Mr. Campbell's 2008 conviction under New York Penal Law (NYPL) § 220.44 constitutes a "controlled substance offense." Specifically, I'd like to respond to the Government's arguments relating to naloxegol *and* inform Your Honor of an additional reason (cocaine isomers) why Mr. Campbell's 2008 conviction cannot constitute a "controlled substance offense".

Naloxegol

The Government argues that naloxegol is not criminalized under New York law. Gov't Submission, Page 6. This is incorrect. As explained by the Drug Enforcement Administration, naloxegol is a derivative of opium. *See* Schedules of Controlled Substances:  Removal of Naloxegol from Control, 80 Fed. Reg. 3468-01 (Jan. 23, 2015). Under New York law, "any . . . derivative . . . of opium or opiate" is unlawful to possess. *See* New York Public Health Law (NYPHL) § 3306, Schedule II(b)(1). Thus, naloxegol is absolutely prohibited under state law. *See United States v. Swinton*, 495 F. Supp. 3d 197 (W.D.N.Y. 2020).

While the Government's argues that, because of federalism, New York Courts could define "derivative" differently than the federal government, this argument is unavailing because the Government bears the burden of establishing that Mr. Campbell's prior conviction constitutes a controlled substance offense under U.S.S.G. § 2K2.1.  *See United States v. Savage*, 542 F.3d 959, 964 (2d Cir., 2008)

The Honorable Philip M. Halpern
July 16, 2021

Sentencing Submission
United States v. Queotis Campbell
Page 2 of 3

("[t]he government bears the burden of showing that a prior conviction counts as a predicate offense for the purpose of a sentencing enhancement"). The Government has adduced no evidence that New York's definition of opiate derivative diverges from the federal one.

The fact that Mr. Campbell's 2008 conviction predates the 2015 removal of naloxegol from a prohibited substance does not effect this analysis. The Court should compare the New York substance schedule in effect at the time of the state conviction to the federal controlled substance schedule in effect at the time of the federal sentencing. 18 U.S.C. § 3553(a)(4)(A)(ii) provides that the court, in determining the particular sentence to be imposed, shall consider "the kinds of sentence and the sentencing range established for— the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that ... are in effect on the date the defendant is sentenced". See also U.S.S.G. § 1B1.11. There has not been consensus among judges in this District about the application of the time-of-sentencing approach to prior convictions, but on June 2, 2021, the First Circuit ruled that the federal controlled substance schedule relevant to the Guidelines calculation under U.S.S.G. § 2K2.1 is the one in effect on the date of the sentencing, rather than the schedule in effect at the time of the asserted state prior. *United States* v. *Abdulaziz,* 998 F.3d 519 (1st Cir., 2021).

Finally, the Government argues that there is no "realistic probability" that New York would prosecute a defendant for an illicit sale of naloxegol. (Gov't Sent. Ltr., P. 8). This test, known as the "realistic possibility" test, is inapplicable where the relevant statute of conviction is facially broader than the generic federal one. *See e.g., Jack v. Barr*, 966 F.3d 95, 98 (2d Cir. 2020) (per curiam); *Williams v. Barr*, 960 F.3d 68, 78 (2d Cir., 2020); *Hylton v. Sessions*, 897 F.3d 57, 63 (2d Cir., 2018).

<u>Cocaine Isomers</u>

Additionally, Mr. Campbell's 2008 conviction cannot constitute a controlled substance offense because, as recently held by the Honorable John Koeltl, New York law criminalizes the possession and sale of cocaine isomers that are not prohibited under federal law.[1] *United States v. Baez-Medina*, 20 Cr. 24 (S.D.N.Y. July 1, 2021) (Transcript attached as Exhibit A).

Under New York law, all cocaine isomers are prohibited. N.Y. Pub. Health L. § 3306, Sched. II(b)(4). *See People v. Burnett*, 245 A.D.2d 460, 460 (2d Dept. 1997) ("Contrary to the defendant's contention, a controlled substance under Schedule II

---

[1] I apologize for not including this argument in my July 6, 2021 sentencing memorandum, but at that time I was unaware of the *Baez-Medina* decision.

The Honorable Philip M. Halpern
July 16, 2021

Sentencing Submission
United States v. Queotis Campbell
Page 3 of 3

of Public Health Law § 3306 includes cocaine and all of its isomers").  Federal law, however, only prohibits optical or geometric isomers.  21 C.F.R. § 1300.01(b) (2021) (defining the term "isomer" as used in 21 C.F.R. § 1308.12(b)(4)).  Thus, as held in *United States v. Baez-Medina*, 20 Cr. 24 and in *United States v. Fernandez-Taveras*, 2021 WL 66485 (S.D.N.Y. 2021),[2] New York's statute is broader than its federal counterpart.  For this reason, Mr. Campbell's prior conviction for N.Y.P.L. § 220.44 – which, unlike federal law, criminalizes all cocaine isomers – cannot constitute a controlled substance offense.

\*     \*     \*

For these reasons, and the reasons contained in my previous submission, Mr. Campbell's 2008 conviction should not constitute a "controlled substance offense."

Respectfully,

//s

Benjamin Gold
Assistant Federal Defender

cc:    Assistant U.S. Attorney Derek Wikstrom (Via E-mail and ECF)
       Assistant U.S. Attorney Stephanie Simon (Via E-mail and ECF)
       Queotis Campbell (via Mail)

---

[2] Judge Garaufis's written decision in *United States v. Fernandez-Taveras* is attached as Exhibit B.